Ernest J. Franceschi, Jr. (State Bar No. 112893)
FRANCESCHI LAW CORPORATION
4640 Admiralty Way, 5th Floor
Marina del Rey, California 90292
Telephone:  (213) 622-0835
Facsimile: (213) 622-0837
Email: ejf@franceschilaw.com

Attorneys for Plaintiff
GINA WOOD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA WOOD,<br><br>           Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A.<br><br>           Defendant. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1) VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT (15 USC §1693, et seq.);<br><br>2) VIOLATION OF THE CALIFORNIA CONSUMER PRIVACY ACT (California Civil Code section 1798.100, et seq.)<br><br>DEMAND FOR TRIAL BY JURY |

COMES  NOW Plaintiff GINA WOOD and for cause of action against Defendant complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to section 1693 of Title 15 of the United States Code, *The Electronic Funds Transfer Act*.  This honorable Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. Section 1331.  The Court also has supplemental jurisdiction pursuant to section 1367(a) over the state law

claim for relief pursuant to the *California Consumer Privacy Act*.

2.     Venue is proper in the Central District of California because the operative events upon which this action is based occurred therein and each of the Defendants maintains offices and an official presence therein. 28 U.S.C. Section 1391(b) and ( c).

## THE PARTIES

3.     At all times mentioned herein, Plaintiff GINA WOOD (hereinafter "Wood")was and now is an individual residing in the sate of California within the federal Central District.

4.     That at all times mentioned herein, Defendant BANK OF AMERICA, N.A. (hereinafter "BofA") was and now is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in North Carolina.  Defendant BofA does significant business in the State of California and maintains numerous bank branches and employees therein.

## STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS

5.      The State of California in 2010 entered into an exclusive agreement with BofA for the issuance of BofA debit cards as a means of disseminating a variety of state benefits, including but not limited to  unemployment insurance benefits, disability benefits, paid family leave benefits, and pandemic emergency unemployment compensation benefits (the EDD benefits).  The BofA debit card is known as the "EDD Card."

6.      Plaintiff is a flight attendant who applied for and was granted special underemployment benefits by the EDD  in 2020 when airlines began significantly reducing flights and laying off employees due to the COVID 19 pandemic.   In conjunction with her approved EDD benefits claim, Plaintiff was issued a BofA EDD debit card through which the EDD would disseminate her benefits.

7.     That in or about December 15, 2020, there was a fraudulent transaction made on Wood's EDD card in the amount of $900.00.  On December 17, 2020 there

was another fraudulent transaction made in the amount of $300.00. *Exhibit 1*

8.    After being unable to reach BofA by telephone to inform it of the foregoing fraud due to endless hold times, Wood sent BofA a certified letter, return receipt requested on January 19, 2021 notifying BofA of the fraudulent activity and demanding that the monies be restored to her account.  *Exhibit 2* is a true and correct copy of the certified letter together with the signed return receipt.

9.    BofA has failed to respond to Wood's demand or in any way communicated with her regarding the fraudulent transactions, nor has BofA refunded the fraudulent charges.

10.    According to the BofA EDD cardholder agreement, BofA has a "zero liability"  policy for cardholders in the event that the cardholder is the victim of fraud.  BofA represents to EDD benefits recipients such as Wood that they will not be responsible for unauthorized transactions.  In the "Quick Reference Guide" EDD cardholders receive with their card, BofA states: "Zero liability: If your card is stolen, Bank of America will reimburse you for any unauthorized card transactions subject to certain terms and conditions."  A similar variant of this statement is repeated on the BofA website under the heading "What happens if my card is lost of stolen."  BofA states: "If your card is lost or stolen, contact customer service immediately so that any charges you did not make can be refunded." *Exhibit 3*.

11.    The cardholder agreement requires that cardholders call or write to report an unauthorized transaction "no later than 60 days" after BofA sent the statement on which the "error" appeared.  Wood sent *Exhibit 1* well within the required 60 days of the statement date on which the transactions appeared.  BofA promises that it "will determine whether an error occurred within 10 business days" after an unauthorized transaction is reported.  BofA has not done so.

12.    The BofA EDD debit card is particularly vulnerable to fraud.  It does not have an EMV chip card and uses antiquated magnetic strip technology, even though other cards issued by BofA use the EMV chip, which has been the world wide

industry standard since 2015.  Since the issuance of the EDD card, there has been rampant fraud perpetrated against EDD benefit recipients, who are individuals that are particularly financially vulnerable due to having lost their jobs.

13.    By reason of the foregoing, Plaintiff comes now and states the following claims for relief:

**FIRST CLAIM FOR RELIEF FOR VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT**

**[15 U.S.C. section 1693, et seq, 12 C.F.R. section 1005, et seq.]**

14.    Plaintiff repeats and realleges the contents of paragraphs 1 through 13 as though set for at length herein.

15.    That at all times relevant herein, there existed federal legislation, 15 U.S.C. section 1693  known as the Electronic Funds Transfer Act (EFTA)  and 12 C.F.R. section 1005.1-1005.20 (Regulation E of the EFTA).

16.    Plaintiff alleges that BofA violated Regulation E, 12 C.F. R. Section 1005.11 because it failed to provisionally credit Plaintiff the amount of the alleged "error" and that it did not resolve same within 10 business days, and completely ignored Plaintiff's claim in bad faith.  Plaintiff is therefore entitled to recover treble damages form BofA pursuant to 15 U.S.C. section 1693e.

17.    Plaintiff is entitled to recover (a) actual damages; (b) restitution of all EDD benefits improperly debited by BofA; ( c) statutory damages; (d) treble damages pursuant to 15 U.S.C. section 1693e; and (e) costs and attorney fees incurred in the prosecution of this action pursuant to 15 U.S.C. section 1693m(a)(3) as will be shown at time of trial.

**SECOND CLAIM FOR RELIEF FOR VIOLATION OF THE CALIFORNIA CONSUMER PRIVACY ACT**

18.    Plaintiff repeats and realleges the contents of paragraphs 1 through 17 as though set for at length herein.

19.    The California Consumer Privacy Act ("CCP") California *Civil Code*

section 1798.100, et seq. provides consumers with a private right of action against businesses when their personal information is subject to unauthorized access, theft, or disclosure as a result of a business's breach of its duty to take reasonable steps to protect that information. Plaintiff brings this claim for relief on her own behalf, and as a private attorney general on behalf of the general public for injunctive relief only.

20.   Plaintiff is a consumer as defined in the CCP.

21.   BofA is a business as that term is defined in the CCP and is subject to liability thereunder.

22.   BofA directly or indirectly collected Plaintiff's personal information as defined in California *Civil Code* sections 1798.81.5(d)(1)(A), including but not limited to Plaintiff's name, account numbers, security codes, access codes, or passwords that would permit access to an individual's financial accounts.

23.   Plaintiff's personal information was collected, stored, and/or transmitted by BofA in a nonencrypted and nonredacted form, or in some other form that permitted unauthorized individuals to access that information in violation of the CCP.

24.   As a business, BofA had a duty under CCP to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff's personal information.

25.   BofA breached its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff's personal information by, among other things, issuing EDD debit cards to Plaintiff with magnetic stripes but without EMV chip technology.

26.   Plaintiff is informed and believes and thereon alleges that BofA failed to implement reasonable security measures by transferring information regarding Plaintiff's EDD debit card to, and storing it on, unsecured or inadequately secured data storage devices.

27.   As a direct and legal result of BofA's failure to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff's

personal information, Plaintiff suffered unauthorized access, theft, or disclosure of her nonencrypted and nonredacted personal information, which she never authorized disclosure of.

28.  BofA knew or should have known that issuing EDD cards with magnetic stripes but without EMV chip technology was not a reasonable security procedure or practice, particularly since BofA issues other non EDD cards with such technology to its regular banking customers, and was not a reasonable security procedure or practice appropriate to the nature of Plaintiff's personal information and that a data breach resulting in unauthorized access, theft, or disclosure of Plaintiff's personal information was highly foreseeable.

29.  As a direct and legal result of the unauthorized access, theft, or disclosure of her nonencrypted and nonredacted personal information, Plaintiff was injured and lost and/or continues to lose money or property, including but not limited to the monetary value of the unauthorized transactions on the EDD card issued by BofA, the loss of Plaintiff's protected privacy interest in the confidentiality and privacy of her personal information, nominal damages, and additional losses as described above.

30.  Plaintiff seeks relief under California *Civil Code* section 1798.150(a), including but not limited to recovery of actual damages, statutory damages, and injunctive relief to require BofA to replace all EDD cards they have issued that lack EMV chip technology with new and different cards having EMV chip technology.

31.  Plaintiff alleges that she is entitled to recover her cost of suit as well as attorney fees pursuant to California *Code of Civil Procedure* section 1021.5 on this claim for relief which is brought as a private attorney general for the benefit of the general public.

WHEREFORE Plaintiff prays for judgment as follows:

ON THE FIRST CLAIM FOR RELIEF

1.    For actual damages as will be shown at time of trial;

2.    For statutory damages as will be shown at time of trial;

3.    For triple damages pursuant to 15 U.S.C section 1693f(e);

4.    For restitution of all EDD benefits improperly debited by BofA;

5.    For attorney fees as provided by 15 U.S. C. section 1693m(a)(3);

6.    For cost of suit incurred herein.

ON THE SECOND CLAIM FOR RELIEF

1.    For general damages as will be shown at time of trial;

2.    For injunctive relief requiring BofA to replace all EDD debit cards it has issued that lack EMV chip technology with new and different cards that have the EMV chip technology;

3.    For private attorney general attorney fees as provided by California *Code of Civil Procedure* section 1021.5;

4.    For cost of suit incurred herein

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of the within action.


Dated: March 2, 2021                    **FRANCESCHI LAW CORPORATION**


By   /s/Ernest J. Franceschi, Jr.
       Ernest J. Franceschi, Jr.
       Attorney for Plaintiff
       GINA WOOD